IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| WILLIAM E. NEWCOMB, also known as BILL NEWCOMB | ) ) ) | CV. NO. 09-00567 DAE-KSC |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| CAMBRIDGE HOME LOANS, INC., et al., | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.  After reviewing Defendants' Motion to Dismiss and

the supporting and opposing memoranda, the Court **GRANTS** Defendants' Motion

to Dismiss WITH LEAVE TO AMEND with respect to the counts specified in the

Order below.

BACKGROUND

On or about October 2005, Plaintiff William E. Newcomb, also

known as Bill Newcomb, procured a mortgage loan ("Loan") in the approximate

amount of $800,000.00 from Defendant Cambridge Home Loans, Inc., and/or its

affiliates, for real property located at 77-107 Queen Kalama Avenue, Kailua-Kona,

Hawaii.  ("Compl.," Doc. #1, Ex. A ¶ 2.)  Defendant Cambridge thereafter sold or

assigned the Loan to Defendant Option One Mortgage Corporation and/or the other

Defendants.  (Id. ¶ 3.)

On October 6, 2009, Plaintiff filed a Complaint in state court alleging

violations, in conjunction with the Loan, of the Truth in Lending Act, the Real

Estate Settlement Procedures Act, the Home Ownership Equity Protection Act, the

Gramm-Leach Bliley Act, the Fair Credit Report Act, and Unfair and Deceptive

Trade Practices under Hawaii Revised States Section 480-2.  (Id. ¶¶ 8-12.)

Further, the Complaint alleges claims for intentional or negligent concealment,

breach of contract, rescission, conversion, unjust enrichment, breach of implied

covenant of fair play and good faith, and breach of professional or fiduciary duties.

(Id. ¶¶ 13-18.)  On November 30, 2009, the case was removed to federal court

(Doc. # 1.)

On December 16, 2009, Defendants filed the instant motion to dismiss

for failure to state a claim upon which relief can be granted, pursuant to Federal

Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") .  ("Mot.," Doc. # 6.)  On

February 3, 2010, Plaintiff filed an ex parte motion to continue the hearing on the

motion to dismiss (Doc. # 10), and the motion to continue was granted on February

8, 2010 (Doc. # 11).  On March 31, 2010, Plaintiff filed an Opposition to

Defendants' instant Motion to Dismiss.  ("Opp'n," Doc. # 18.)

<u>STANDARD OF REVIEW</u>

Pursuant to the Rule 12(b)(6), a motion to dismiss will be granted

where the plaintiff fails to state a claim upon which relief can be granted.  Review

is limited to the contents of the complaint.  <u>See</u> <u>Clegg v. Cult Awareness Network</u>,

18 F.3d 752, 754 (9th Cir. 1994) (citations omitted).  A motion to dismiss pursuant

to Rule 12(b)(6) tests the legal sufficiency of claims that are asserted in a

complaint.  <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001).  Allegations of

fact in the complaint must be taken as true and construed in the light most

favorable to the plaintiff.  <u>See</u> <u>Zucco Partners, L.L.C. v. Digimarc Corp.</u>, 552 F.3d

981, 989 (9th Cir. 2009); <u>Livid Holdings Ltd. v. Salomon Smith Barney, Inc.</u>, 416

F.3d 940, 946 (9th Cir. 2005) (citations omitted).

A complaint need not include detailed facts to survive a Rule 12(b)(6)

motion to dismiss.  <u>See</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555-56 (2007).

In providing grounds for relief, however, a plaintiff must do more than recite the

formulaic elements of a cause of action.  <u>See</u> <u>id.</u> at 555.  A complaint that consists

of nothing more than "labels and conclusions" or "a formulaic recitation of a cause

of action" will not suffice.  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (citing

Twombly, 550 U.S. at 555).  A plaintiff must include enough facts to raise a

reasonable expectation that discovery will reveal evidence.  Twombly, 550 U.S. at

556.  In other words, a plaintiff must allege enough facts to state a claim for relief

that is plausible on its face.  See id. at 570.  A complaint has facial plausibility

when it contains "factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.

at 1949 (citation omitted).  "[C]onclusory allegations without more are insufficient

to defeat a motion to dismiss for failure to state a claim."  McGlinchy v. Shell

Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988) (citation omitted).

## DISCUSSION

I.      The Time for Seeking Relief under TILA has Expired.

        Plaintiff first alleges Defendants violated the Truth-in-Lending Act

("TILA"), 15 U.S.C. § 1601, et seq.  The Court finds, however, and the Plaintiff

concedes in his Opposition (Opp'n at 2), that the time for seeking relief under

TILA has expired.  TILA is a statute of repose and the right to rescind under TILA

expires after the passage of three years from the date the transaction was

consummated.  See Beach v. Ocwen Fed. Bank, 523 U.S. 410, 417-18 (1998);

Miguel v. Country Funding Corp., 309 F.3d 1161 (9th Cir. 2002) (holding that

plaintiff's right to rescind as against the Bank was extinguished after the passage of

three years and the district court did not have jurisdiction over the matter).  In the instant case, Plaintiff filed his complaint on October 6, 2009, and he seeks rescission of the Loan, which was made four years earlier, in October of 2005.

TILA was enacted by Congress in 1968 to "assure a meaningful disclosure of credit terms . . . and to protect the consumer against inaccurate and unfair credit billing and credit card practices."  15 U.S.C. § 1601(a), Congressional Findings and Declaration of Purpose.  Under TILA, creditors are required to provide borrowers with clear and accurate disclosures of the terms of the credit. See Ocwen 523 U.S. at 412; see 15 U.S.C. §§ 1631 and 1632.  Upon receiving the required disclosure, the borrower is given three business days to cancel or rescind the loan. 15 U.S.C. § 1635(a).  If the borrower is not provided with the required disclosure, the right to rescind the loan is extended for up to three years following the consummation of the transaction.  15 U.S.C. §§ 1635(a) and (f); 12 C.F.R. § 226.23(a)(3); Semar v. Platte Valley Fed. Sav. & Loan Ass'n, 791 F.2d 699, 702 (9th Cir. 1986).  In Ocwen, the Supreme Court held that no right to rescind exists after the expiration of the three-year period of § 1635(f):

> Section 1635(f) . . . takes us beyond any question whether it limits more than the time for bringing a suit, by governing the life of the underlying right as well. The subsection says nothing in terms of bringing an action but instead provides that the "right of rescission [under the Act]

shall expire" at the end of the time period. It talks not of a suit's commencement but of a right's duration, which it addresses in terms so straightforward as to render any limitation on the time for seeking a remedy superfluous. There is no reason, then, even to resort to the canons of construction that we use to resolve doubtful cases, such as the rule that the creation of a right in the same statute that provides a limitation is some evidence that the right was meant to be limited, not just the remedy.

Ocwen, 523 U.S. at 417.

In the instant case, Plaintiff filed his complaint on October 6, 2009, four years after the Loan was consummated.  Therefore, any right that Plaintiff may have had to rescind the Loan under § 1635(f) has expired.  For this reason, the Court GRANTS Defendants' Motion and dismisses Plaintiff's TILA rescission claim WITHOUT leave to amend.

II.     Plaintiff's Other (Non-TILA) Claims Fail to State a Claim for Relief.

In the Complaint, Plaintiff also alleges numerous federal and state law violations by Defendants in conjunction with the Loan, including violations of the Real Estate Settlement Procedures Act, the Home Ownership Equity Protection Act, the Gramm-Leach Bliley Act, the Fair Credit Report Act, and Unfair and Deceptive Trade Practices under Hawaii Revised States Section ("H.R.S.") 480-2. Furthermore, the Plaintiff alleges various imprecise claims, including intentional or negligent concealment, breach of contract, rescission, conversion, unjust

enrichment, breach of implied covenant of fair play and good faith, and breach of

professional or fiduciary duties.  Plaintiff has stated only conclusory allegations

and has not provided sufficient factual content to allow the Court to make a

reasonable inference regarding Defendants' alleged misconduct.  Therefore, the

Court finds that Plaintiff fails to state a claim for any of the allegations remaining

in his Complaint.

First, Plaintiff alleges violations of the Real Estate Settlement

Procedures Act by asserting that Defendants engaged in "violations of the Real

Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq., wherein good faith

estimates of required disclosure shall be timely made before loan consummation."

(Compl. ¶ 8.)  This conclusory allegation is unaccompanied by any facts to suggest

that a claim for relief is plausible on its face.  The Plaintiff must do more than

recite the formulaic elements of a cause of action.  See Twombly, 550 U.S. at 555.

Second, Plaintiff alleges violations of the Home Ownership Equity

Protection Act, 15 U.S.C. § 1639, by asserting, "Defendants engaged of [sic]

predatory lending practices at Plaintiff's expense by failing to make timely, clear,

and conspicuous disclosures in writing, and engaging in a pattern and practice of

extending credit to Plaintiff without due regard os [sic] his ability to repay . . . ."

(Compl. ¶ 9.)  This statement is insufficient because it is a mere recitation of the formulaic elements of the cause of action.  See 15 U.S.C. § 1639(h).

Third, Plaintiff alleges violations of the Fair Credit Report Act by asserting that "Defendants violated provisions of the Fair Credit Reporting Act ('FCRA'), 15 U.S.C. § 1681, et seq., which bars the wrongful, improper, and illegal reporting of negative information to Plaintiff as to his credit reports and the lowering of credit scores."  (Compl. ¶ 10.)  This conclusory allegation is not accompanied by factual content.

Fourth, Plaintiff alleges that "Defendants further engaged in violations of the Gramm-Leach Bliley Act ('GLB'), 15 U.S.C. § 6801 et seq. by release of private financial information and/or allowing fraudulent access to Plaintiff's respective private files and records."  (Compl. ¶ 11.)  Again, the Complaint does not provide any factual content to support the allegation.

Fifth, Plaintiff alleges that Defendants violated Hawaii state law, pursuant to H.R.S. § 480-2, by asserting, without more, that Defendants are "proximately liable for actual and/or treble damages in an amount to be proven at trial," because Defendants "engaged in unfair and deceptive trade practices deemed improper by H.R.S. 480-2 et seq. . . . ."  (Compl. ¶ 12.)  No facts are provided in the Complaint to support this conclusory allegation.

8

Finally, Plaintiff makes various imprecise allegations of negligent or intentional concealment, breach of contract, rescission, conversion, unjust enrichment, breach of implied covenant of fair play and good faith, and breach of professional or fiduciary duties. (See Compl. ¶¶ 13-18.) Regarding each of these alleged causes of actions, Plaintiff asserts, without providing any facts to support his allegations, that the Defendants committed such violations. Again the Court emphasizes that "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." McGlinchy, 845 F.2d at 810.

In sum, because the time to seek relief under TILA has expired, the Court **GRANTS** the Defendants' Motion to Dismiss WITHOUT Leave to Amend with respect to the Plaintiff's TILA claims. With respect to Plaintiff's other (Non-TILA) allegations, even construing such claims in the light most favorable to the Plaintiff, the Complaint lacks factual content upon which, if accepted as true, the Court could draw a reasonable inference that Defendants are liable for the alleged misconduct. Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss WITH LEAVE TO AMEND with respect to Plaintiff's Non-TILA allegations.

Plaintiff must file his amended complaint on or before May 14, 2010. Any Amended Complaint must comply with the dictates of this Order and cure all factual deficiencies for any counts Plaintiff elects to pursue. If Plaintiff fails to file

an Amended Complaint by May 14, 2010, the Clerk of Court is directed to enter

judgment in favor of Defendants.  The Court emphasizes that this order in no way

grants Plaintiff leave to add claims or allegations to those articulated in the

Complaint.  Rather, the Amended Complaint shall only constitute a formal

representation of the allegations and claims that remain.   Failure to comply with

this Order may result in dismissal of this action.

CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motion

to Dismiss WITHOUT Leave to Amend with respect to the Plaintiff's Truth-in-

Lending Act ("TILA") claims.  The Court **GRANTS** Defendants' Motion to

Dismiss WITH Leave to Amend with respect to Plaintiff's Non-TILA claims as

outlined above.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 16, 2010.



_____
David Alan Ezra
United States District Judge

William E. Newcomb v. Cambridge Home Loans, Inc., et al., CV No. 09-00567;
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS