ATTORNEY TERRY G. OPPERMANN #2764
Seven Waterfront Plaza
500 Ala Moana Blvd., Suite 7-400
Honolulu, HI  96813-4920
PH:  (808) 543-8330
FAX: (808) 833-2744
email: toppermann@hotmail.com



Attorney for Plaintiff
WILLIAM E. NEWCOMB aka
BOB NEWCOMB

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WILLIAM E. NEWCOMB also known as BILL NEWCOMB, <br><br> Plaintiff, <br><br> vs. <br><br> CAMBRIDGE HOME LOANS, INC; OPTION ONE MORTGAGE CORPORATION A California Corporation; AMERICAN HOME MORTGAGE SERVICING INC.; DEUTSCHE BANK NATIONAL TRUST COMPANY; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE "NON-PROFIT" ORGANIZATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE GOVERNMENTAL AGENCIES 1-10; DOE JOINT VENTURES 1-10, Inclusive, <br><br> Defendants. | CASE NO: CV-00567-DAE-KSC <br> Civil No. 09-1-420K <br> In the Circuit Court of the Third Circuit, State of Hawai'i <br><br> FIRST AMENDED COMPLAINT; <br> FIRST AMENDED SUMMONS <br><br> 1.  Real Estate Settlement Procedures Act Violation <br> 2.  Home Ownership Equity Protection Act Violation <br> 3.  Gramm-Leach-Bliley Act Violation <br> 4.  Unfair and Deceptive Trade Practices Act Violation <br> 5.  Negligent or Intentional Concealment <br> 6.  Fair Credit Report Act Violation <br> 7.  Breach of Contract <br> 8.  Rescission <br> 9.  Conversion <br> 10. Unjust Enrichment <br> 11. Breach of Implied Covenant Of Fair Play And Good Faith Violation <br> 12. Breach of Professional or Fiduciary Duty |

FIRST AMENDED COMPLAINT

A.  **Jurisdiction**

Comes now, Plaintiff above-named, by and through his Attorney, Terry G. Oppermann, and complains:

1. Plaintiff William E. Newcomb, also known as, Bill Newcomb ("Plaintiff"), is a resident of Kailua-Kona, Island, County and State of Hawai'i.

2. On or about October, 2005, Plaintiff procured a mortgage loan from Defendant Cambridge Home Loans, Inc, and/or it's affiliates, for real proeprty located at 77-107 Queen Kalama Ave., Kailua-Kona, HI 96740, TMK: (3)) 7-7-177, in the approximate amount of $800,000.00

3. Defendant Cambridge, thereafter and/or at the same relevant times herein assigned, sold, involved, and/or entered into contract with Defendant Option One Mortgage Corporation and/or with other successor Defendants herein ("Defendants"), and who have all entered into the jurisdiction of the State of Hawai'i for the purpose of procuring real estate mortgage lending and/or mortgage servicing of loan placement or collection with Plaintiff.

4. Defendants John and Jane Does 1-10, Doe Corporations 1-10, Doe "Non-Profit" Organizations 1-10, Doe Partnerships 1-10, Doe Governmental Entities 1-10, and Doe Joint Ventures 1-10, Inclusive, are persons, corprations, non-profit organizations, partnerships, governmental entities, and joint ventures, who are unknown parties whose name or parts thereof, Plaintiff has been unable to ascertain but who are or may be necessary parties to this action. At such time as the true names, addresses and capacities of these Defendants become knwon to Plaintiff, counsel will file an amended complaint naming said necessary parties as named Defendants. Counsel for Plaintiff

is filing this allegation pursuant to Hawaii Rules of Civil Procedure, Rule 17 and the representations contained herein are being made in good faith.

### B. Alleged Federal Violations or Breach

5. Plaintiff's Complaints arise out of the subject real estate mortgage transaction or servicing involving his aforesaid real property holding. In Plaintiff's case, the transaction is alleged to be based on dubious and inflated, over-valued, or otherwise fraudulent Income and Expense values, said Appraisal on his property is alleged to be overvalued, the subject Mortgage and payment amounts are further alleged to be vague and unclear, which subjected Plaintiff to predatory lending practices, exorbitant and unauthorized closing costs and fees, and which threaten Plaintiff to deprive him of his home and real estate, his respective equity, life savings or good credit standing, and other severe damages including emotional distress.

6. The various Defendants, jointly or severally, are alleged to further have engaged in undisclosed, dubious and illegal violations of prudent mortgage loan standards and practices and likely their own respective internal policies of mortgage loan placement to the detriment of Plaintiff herein.

7. In addition to or independent of fraudulent appraisals and/or violations of prudent mortgage loan standards and practices stated above, and the various Defendants engaged in conduct prohibited by Truth In Lending Act, further violations

of the Real Estate Settlement Procedures Act, 12 U.S.C. Section 2601 et seq., wherein good estimates of required disclosures shall be timely made before loan consummation.

8. Further violations of the Home Ownership Equity Protection Act ("HOEPA"), 15 U.S.C. Section 1639 et seq. wherein said Defendants engaged of predatory lending practices at Plaintiff's expense by failure to make timely, clear and conspicuous disclosures in writing, and engaging in a pattern of extending credit to Plaintiff without due regard on his ability to repay in violation of HOEPA and/or other prudent loan practices.

9. In addition, Defendants violated provisions of the Fair Credit Reporting Act ("FCRA"), 15 USCS Section 1681, et seq., which bars the wrongful, improper, and illegal reporting of negative information to Plaintiff as to his credit reports and the lowering of credit scores.

10. The Defendants further engaged in violations of the Gramm-Leach-Bliley Act ("GLB"), 15 U.S.C. Section 6801 et seq. by release of private financial information and/or allowing fraudulent access to Plaintiff's respective private files and records.

C. **State Stautory and/or Common Law Violations**

11. Defendants further engaged in unfair and deceptive trade practices deemed improper by H.R.S. 480-2 et seq., to Plaintiff, a "consumer" herein in the mortgage loan placement

-4-

or servicing of said loans and are proximately liable for actual and/or treble damages in an amount to be proven.

12.   Defendants' further intentionally and/or negligiently concealed material information to Plaintiff which were detrimental to his interests and are liable for damages in an amount to be proven.

13.   Defendants have breached their contract with Plaintiff and are liable for breach of contract damages and reasonable attorney fees and costs.

14.   Plaintiff is further entitled to statutory and/or common law rescission and seeks to made whole in this case.

15.   Defendants are liable for conversion of Plaintiff's funds and/or have been unjustly enriched at Plaintiff's expense in an amount to be proven.

16.   Defendants have breached the implied covenant of fair play and good faith by their violations of Plaintiff's respective contractual rights and obligations and seek damages in an amount to be proven.

17.   Defendants, thier affiliates, and/or authorized agents have breached their professional or fiduciary duty of care owed to the Plaintiff, and Plaintiff seeks damages and relief in an amount to be proven.

### D.   Relief Sought

18.   For the Court to determine by Declaratory Judgment, the parties rights and obligations to the respective mortgage

loans or servicing of said loans for the Plaintiff.

19. For general and special damages, compensatory, actual damages, and/or treble or punitive damges in an amount to be proven.

20. For reasonable attorney's fees and costs, and for prejudgment interest to be determined and proven.

21. For such other relief as deemed just and reasonable by the Court.

DATED: Honolulu, Hawai'i  August 21, 2011.

                                                    _____
                                                  TERRY G. OPPERMANN
                                                  Attorney for Plaintiff

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Hawaii

WILLIAM E. NEWCOMB also known as BOB NEWCOMB )
)
*Plaintiff* )
)
v. ) Civil Action No. CV-00567-DAE-KSC
CAMBRIDGE HOME LOANS, INC.; )
OPTION ONE MORTGAGE CORPORAITON, )
A California Corporation; )
AMERICAN HOME MORTGAGE SERVICING, 
INC.; DEUTSCHE BANK NATIONAL   **FIRST AMENDED**
TRUST COMPANY;   **SUMMONS IN A CIVIL ACTION**
JOHN DOES 1-10, et al.

To: *(Defendant's name and address)*

CHANELLE M. CHUNG, ESQ.
STEVEN K.S. CHUNG ESQ.    **AND**    CAMBRIDGE HOME LOANS, INC.
841 Bishop St., Ste. 400             201 Lomas Santa Fe #340
Honolulu, HI  96813                   Solana Beach, CA  92075

Atty for Defendants OPTION ONE MORTGAGE CORP.
AMERICAN HOME MORTGAGE SERVICING, INC. & DEUTSCHE BANK
A lawsuit has been filed against you.    NATIOANL TRUST CO.

Within 21 days after service of this first amended summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached first amended complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

ATTORNEY TERRY G. OPPERMANN
500 Ala Moana Blvd., Suite 7-400
Honolulu, HI  96813-4920

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date: AUG ± 2011

CLERK OF COURT    SUE BEITIA

/s/ Gary Santos
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:



My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc: