IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM E. NEWCOMB, also known as BILL NEWCOMB,<br><br>    Plaintiff,<br><br>  vs.<br><br>CAMBRIDGE HOME LOANS, INC.; OPTION ONE MORTGAGE CORPORATION, A California Corporation; AMERICAN HOME MORTGAGE SERVICING, INC.; DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>    Defendants.<br>_____ | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CV. NO. 09-00567 DAE-KSC |

ORDER: (1) GRANTING MOTION TO DISMISS COMPLAINT AND (2) DISMISSING THE COMPLAINT AS TO ALL DEFENDANTS WITHOUT <u>PREJUDICE</u>

On October 26, 2011, the Court heard Defendants Option One Mortgage Corporation, American Home Mortgage Servicing, Inc. and Deutsche Bank National Trust Company's (collectively "Defendants") Motion to Dismiss. Terry G. Oppermann, Esq., appeared at the hearing on behalf of Plaintiffs William Newcomb ("Plaintiff"); Steven K. S. Chung, Esq., and Chanelle M. Chung, Esq., appeared at the hearing on behalf of Defendants. After reviewing the motions and

the supporting and opposing memoranda, the Court **GRANTS** the Motion to Dismiss (Doc. # 30).

## BACKGROUND

On October 6, 2009, Plaintiff filed his Complaint initiating this action in the Third Circuit Court of the State of Hawaii. (See "Compl.," Doc. # 1-1.) Plaintiffs Complaint stated that Plaintiff had been lured into a predatory mortgage loan and alleged the following thirteen Counts:

- Truth-In-Lending Act ("TILA") Violation (id. ¶ 8).

- Real Estate Settlement Procedures Act Violation (id. ¶ 8).

- Home Ownership Equity Protection Act Violation (id. ¶ 9).

- Fair Credit Report Act Violation (id. ¶ 10).

- Gramm-Leach-Bliley Act Violation (id. ¶ 11).

- Unfair and Deceptive Trade Practices Act Violation (id. ¶ 12).

- Negligent or Intentional Concealment (id. ¶ 13).

- Breach of Contract (id. ¶ 14).

- Rescission (id. ¶ 15).

- Conversion (id. ¶ 16).

- Unjust Enrichment (id. ¶ 16).

- Breach of Implied Covenant of Fair Play and Good Faith (id. ¶ 17).

- Breach of Professional or Fiduciary Duty (id. ¶ 18).

On December 16, 2009, Defendants filed a Motion to Dismiss the Complaint. (Doc. # 6.) On April 16, 2010, the Court issued an Order granting Defendant's Motion and dismissed the Complaint without prejudice with one exception, the TILA claim, which the Court dismissed with prejudice. (Doc. # 21.) In the Order, the Court directed the Clerk of Court to enter judgment in favor of Defendants if Plaintiff failed to file an amended complaint by May 14, 2010. (Id. at 9–10.) As of May 20, 2010, no amended complaint had been filed and, accordingly, the Clerk of Court entered Judgment in Defendants' favor. (Doc. # 23.)

On May 10, 2011, nearly one year later, current counsel for Plaintiff filed an appearance on behalf of Plaintiff and filed a Motion to Set Aside Clerk's Judgment in a Civil Case ("Motion to Set Aside"). (Doc. # 25.) The primary justification for this Motion was that Plaintiff's former counsel had passed away on April 21, 2010. (Id.) On May 16, 2011, Defendants filed a statement of no position with respect to the Motion to Set Aside. (Doc. # 27.) On June 23, 2011, this Court granted Plaintiff's Motion and granted "Plaintiff 60 days from the date

of this Order to file an amended complaint consistent with the April 16, 2010 Order." ("June Order," Doc. # 28 at 14.)

Plaintiff filed his First Amended Complaint ("FAC") two days later on August 24, 2011. ("FAC," Doc. # 29.) The FAC does not include a TILA claim but is otherwise <u>identical</u> to Plaintiff's first Complaint with the exception of a few typographical errors. (<u>See</u> <u>id.</u>)

On September 7, 2011, Defendants filed the instant Motion to Dismiss. ("Mot.," Doc. # 30.) Two days after the deadline established by the Local Rules, on October 7, 2011, Plaintiff filed his Opposition. ("Opp'n," Doc. # 32.) On October 11, 2011, Defendants filed their Reply. ("Reply," Doc. # 33.)

STANDARD OF REVIEW

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule"), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Review is limited to the contents of the complaint. <u>See</u> <u>Clegg v. Cult Awareness Network</u>, 18 F.3d 752, 754 (9th Cir. 1994). A complaint may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal claim." <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 534 (9th Cir. 1984) (citation omitted). Allegations of fact in the complaint must be taken as true

and construed in the light most favorable to the plaintiff.  See Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007).  In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action.  See id. at 556–57; see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.") (citation omitted).  "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted).  Thus, "bare assertions amounting to nothing more than a formulaic recitation of the elements" of a claim "are not entitled to an assumption of truth."  Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal quotations and citations omitted).

A court looks at whether the facts in the complaint sufficiently state a "plausible" ground for relief.  See Twombly, 550 U.S. at 570.  A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence and may not just provide a speculation of a right to relief.  Id. at 586.  When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court."  Id. at 558 (citation omitted).  If a court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be granted "if it appears at all possible that the plaintiff can correct the defect") (internal quotations and citations omitted).

## DISCUSSION

Defendants argue that the FAC should be dismissed both for failure to comply with the Court's deadline established in its June Order and pursuant to the "law of the case" doctrine, as the Court has already dismissed a substantively identical complaint in these proceedings.  (Mot. at 4–6.)

Overlooking Plaintiff's untimely filing of the FAC, it must still be dismissed pursuant to the "law of the case" doctrine.  The law of the case doctrine is a judicial invention designed to aid in the efficient operation of court affairs.

United States v. Thrasher, 483 F.3d 977, 981 (9th Cir. 2007) (citing Herrington v. County of Sonoma, 12 F.3d 901, 904 (9th Cir. 1993)).  Under the doctrine, a court is "generally precluded from reconsidering an issue previously decided by the same court[.]"  United States v. Lummi Indian Tribe, 235 F.3d 443, 452 (9th Cir. 2000).  For the doctrine to apply, the issue in question must have been "decided explicitly or by necessary implication in the previous disposition."  Id. (internal quotation and citation omitted).

A court abuses its discretion in applying the law of the case if: "(1) the first decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand was substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result."  Ingle v. Circuit City, 408 F.3d 592, 594 (9th Cir. 2005).  "Law of the case should not be applied woodenly in a way inconsistent with substantial justice."  United States v. Miller, 822 F.2d 828, 832–33 (9th Cir. 1987) (citing Moore v. Js. H. Matthews & Co., 682 F.2d 830, 833–34 (9th Cir. 1982)).

Here, aside from the TILA claim and a few typographical errors, Plaintiff's FAC is identical to his original Complaint, which the Court has already found deficient.  Plaintiff has provided the Court no evidence or argument that the law of the case doctrine is inapplicable to the instant case.  Accordingly, the

Court's earlier Order dismissing Plaintiff's Complaint governs here and Plaintiff's FAC must now also be dismissed.

In Opposition, Plaintiff acknowledges that he erred by filing an identical pleading and requests leave to amend. (Opp'n at 7–8.) Plaintiff argues that his failure to appropriately amend his complaint is "excusable neglect."[1] (Id. at 6–7.)

The Ninth Circuit has been clear, pursuant to Rule 15(a)(2), courts should "freely give leave [to amend] when justice so requires." Further, "requests for leave should be granted with extreme liberality." Moss v. U.S. Secret Service, 572 F.3d 962, 792 (9th Cir. 2009). "Dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by an amendment." Id. "However, 'liberality in granting leave to amend is subject to several limitations.'" Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1058 (9th Cir. 2011) (quoting Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.

---

[1] Presumably the "excusable neglect" Plaintiff references relates to Rule 60(b)(1) which provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: [ ] mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). It is not clear to the Court—nor does Plaintiff explain—how exactly Rule 60(b)(1) is applicable here. The Court has not entered an order or final judgment from which Plaintiff can now seek relief. Nor is this Plaintiff's Motion. Instead, Defendant has filed a Motion to Dismiss. Plaintiff's reliance on Rule 60(b)(1) in Opposition is strained at best.

1989)).  "Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay."  Id. (citing Ascon Props, 866 F.2d at 1160).  "Further, '[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.'"  Id. (quoting Ascon Props, 866 F.2d at 1160).

In his declaration, counsel for Plaintiff states that

> [w]hether due to jet lag, memory lapse caused by advancing Parkinson's disease or side effects of the drugs used to treat the Parkinson's disease, time constraints, the passage of time, undue haste, or simple negligence, I forgot that the court had instructed to do more than simply remove the [TILA] allegations from the original Complaint . . . .

(Doc. # 32-4 ¶ 4.)  At this point in the proceedings, the Court finds it would be unfair to Plaintiff to dismiss the FAC with prejudice due to the oversight of his attorney.  Moreover, Defendants have not demonstrated or made an argument with respect to prejudice, bad faith or undue delay.  See Cafasso, 637 F.3d at 1058.  The Court will not, therefore, dismiss the FAC with prejudice at present.

The Court, however, wants to be perfectly clear with Plaintiff.  Plaintiff has sixty (60) days to file an amended complaint.  Plaintiff may not refile an amended complaint that is substantively identical to either the FAC or the original Complaint.  The amended complaint must clearly state how each of the

9

named defendants have injured Plaintiff, and it must also clearly identify the statutory provisions, if any, under which Plaintiff's claims are brought.  All of this must be done clearly and coherently; the Court will not tolerate confused and unorganized pleadings.  A failure to comply with any aspect of these directions will result in dismissal of these proceedings <u>with prejudice</u>.

## CONCLUSION

For these reasons, the Court **GRANTS** the Motion to Dismiss (Doc. # 30)

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 26, 2011.



David Alan Ezra
United States District Judge

<u>Newcomb v. Cambridge Home Loans, Inc., et al.</u>, Cv. No. 09-00567 DAE-KSC
ORDER: (1) GRANTING MOTION TO DISMISS COMPLAINT AND (2) DISMISSING THE COMPLAINT AS TO ALL DEFENDANTS WITHOUT PREJUDICE