ORIGINAL

ATTORNEY TERRY G. OPPERMANN #2764
Seven Waterfront Plaza
500 Ala Moana Blvd., Suite 7-400
Honolulu, HI  96813-4920
PH:  (808) 543-8330
FAX: (808) 833-2744
email: toppermann@hotmail.com

Attorney for Plaintiff
WILLIAM E. NEWCOMB aka
BOB NEWCOMB

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
APR 19 2012
at 8 o'clock and 13 min. P M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WILLIAM E. NEWCOMB also known as BILL NEWCOMB, <br><br> Plaintiff, <br><br> vs. <br><br> CAMBRIDGE HOME LOANS, INC; OPTION ONE MORTGAGE CORPORATION A California Corporation; AMERICAN HOME MORTGAGE SERVICING INC.; DEUTSCHE BANK NATIONAL TRUST COMPANY; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE "NON-PROFIT" ORGANIZATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE GOVERNMENTAL AGENCIES 1-10; DOE JOINT VENTURES 1-10, Inclusive, <br><br> Defendants. | CASE NO: CV-00567-DAE-KSC <br> Civil No. 09-1-420K <br> In the Circuit Court of the <br> Third Circuit, State of Hawai'i <br><br> THIRD AMENDED COMPLAINT; <br> EXHIBIT "A"; <br> THIRD AMENDED SUMMONS |

## THIRD AMENDED COMPLAINT

Comes now, Plaintiff above-named, by and through his

Attorney, Terry G. Oppermann, and complains as follows:

**A. Jurisdiction**

Original

1. Plaintiff William E. Newcomb, also known as, Bill Newcomb ("Plaintiff"), is a resident of Kailua-Kona, Island, County and State of Hawai'i.

2. On or about October, 2005, Plaintiff procured a mortgage loan from Defendant Cambridge Home Loans, Inc. and/or it's affiliates, for real property located at 77-107 Queen Kalama Ave., Kailua-Kona, HI 96740, TMK: (3)) 7-7-177, in the approximate amount of $800,000.00

3. Defendant Cambridge, thereafter, assigned, sold, involved, and/or entered into contract with Defendant Option One Mortgage Corporation and/or with other successor Defendants herein ("Defendants"), and who have all entered into the jurisdiction of the State of Hawai'i for the purpose of procuring real estate mortgage lending and/or mortgage servicing of loan placement or collection with Plaintiff.

4. Defendants John and Jane Does 1-10, Doe Corporations 1-10, Doe "Non-Profit" Organizations 1-10, Doe Partnerships 1-10, Doe Governmental Entities 1-10, and Doe Joint Ventures 1-10, Inclusive, are persons, corporations, non-profit organizations, partnerships, governmental entities, and joint ventures, who are unknown parties whose name or parts thereof, Plaintiff has been unable to ascertain but who are or may be necessary parties to this action. At such time as the true names, addresses and capacities of these Defendants become known to Plaintiff, counsel will file an amended complaint naming said necessary parties as named Defendants.

5. Counsel for Plaintiff is filing this allegation pursuant

to Hawaii Rules of Civil Procedure, Rule 17 and the representations contained herein are being made in good faith.

### B. Background

6. On or about October 21, 2005, Karen Bultermann of Cambridge Home Loans, Inc. (hereinafter referred to as Cambridge Home Loans, Inc. or Cambridge) repeatedly called Plaintiff William Newcomb to induce him into obtaining a refinancing mortgage loan in the approximate amount of $800,000.00 for real property located at 77-107 Queen Kalama Ave., Kailua-Kona, HI 96740.

7. Plaintiff's Complaints arise out of the subject real estate mortgage transaction or servicing involving his aforesaid real property holding. In Plaintiff's case, the transaction is alleged to be based on dubious and inflated, over-valued, or otherwise fraudulent Income and Expense values, said Appraisal on his property is alleged to be over-valued, the subject Mortgage and payment amounts are further alleged to be vague and unclear, which subjected Plaintiff to predatory lending practices, exorbitant and unauthorized closing costs and fees, and which have threatened to deprive him of his home and real estate, his respective equity, life savings or good credit standing, and other severe damages including emotional distress.

8. More specifically,

(a) Cambridge Home Loans, Inc. represented that they were fully licensed to conduct loan transactions in Hawaii

and lawfully registered to do business in Hawaii when, in fact, they were neither. This is a violation of section 454-3 HRS and makes the contract void pursuant to section 454-8 HRS.

(b) Cambridge Home Loans, Inc. required Plaintiff Newcomb to use a specific appraiser, Peter Crakel of Robert Bloom Real Estate Appraisers, who came from the opposite side of the big island and, in cahoots with Cambridge Home Loans, Inc., over-valued the property at 1.1 or $1.5 million dollars when a more accurate appraisal would have been in the neighborhood of $800,000.00, the amount of the loan. Plaintiff was required, by Cambridge Home Loans, Inc. to pay the exorbitant amount of $2,000.00 for the appraisal.

(c) Despite the fact that Plaintiff Newcomb's income was only $1,200 per month in social security benefits, Cambridge Home Loans, Inc. listed his income as $1,200/mo. in addition to the $1,200 per month social security income and, when questioned by Plaintiff, Cambridge told him that this was acceptable practice because Plaintiff could rent out portions of the premises and obtain that amount even though Plaintiff had no tenants at the time.

(d) Cambridge also called Plaintiff, almost daily, for nearly a month.

(e) Cambridge told Plaintiff that he wouold be getting a "conventional 30 yr. mortgage at 6.98% but, at closing, Cambridge included an "interest only" rider that was not previously discussed and that Plaintiff was not given adequate time to review. (Exhibit "A" attached).

-4-

9. Cambridge subsequently sold or assigned the loan to Option One Mortgage Corporation, American Home Servicing, Inc. and Deutsche Bank National Trust Company.

10. On October 6, 2009, Plaintiff filed a complaint in the Third Circuit Court of the State of Hawaii.

11. On November 30, 2009, the Complaint was removed to Federal Court.

12. Plaintiff's initial counsel, passed away and as a result of appearance of new counsel a dismissal by the clerk was set aside and leave granted to file a First Amended Complaint.

13. New counsel filed a First Amended Complaint and a Second Amended complaint, both of which were met with a motion to dismiss for failure to state a claim under Rule 12(b)(6) which was granted in part and denied in part with leave to file this Third Amended Complaint.

### C. Causes of Action

14. BREACH OF CONTRACT

Plaintiff alleges that one or more of the acts set forth in paragraph 8 above constitutes breach of contract.

In particular, the allegations set forth in 8(a) above constitute breach of contract because, in fact, Cambridge Home Loans, Inc. lacked the legal capacity to enter into the contract and that is a requisite of every contract.

As a result of the breach, Plaintiff's credit rating, which was excellent, has been destroyed by saddling him with a loan which he could not reasonably maintain in a timely fashion.

15. UNJUST ENRICHMENT

Plaintiff alleges that the fees, commissions and charges of the defendants and their agents, while set forth and agreed to under the contract, were unwarranted and/or excessive in light of the totality of the circumstances in amounts to be proven at time of trial and that the remedy at law is inadequate and, that those fees, commissions and charges thereby, constitute unjust enrichment and that Plaintiff has been damaged in those amounts.

16. BREACH OF COVENANT OF FAIR PLAY AND GOOD FAITH

Plaintiff alleges that one or more of the acts set forth in paragraph 8 above violated the covenant or fair play and good faith.

In particular, the public has a special interest in preventing predatory lending practices and regulating mortgage brokers and solicitors as can be seen by attempts to regulate via chapter 454 HRS and the damage that has been created to our economy by unscrupulous mortgage brokers and solicitors.

In addition, Plaintiff was further deprived of the benefit

of what he was told would be the loan when Cambridge slipped the "interest-only" rider into the loan documents at the last minute and did not allow Plaintiff the opportunity to review the document and, thereby, deprived Plaintiff of the benefit of the loan as he had reasonably expected it to be.

Plaintiff was injured by the difference between what he was told and the actual loan with the "interest-only" rider.

18.  FRAUD

Plaintiff alleges that one or more of the acts set forth in paragraph 8 above constitute fraud in the factum.

In particular, the acts of Cambridge in falsely completing the income documents which were part and parcel of the loan application and falsely representing to plaintiff that this was an acceptable practice because Plaintiff could rent out portions of the premises and obtain that amount was a representation that was made to plaintiff that was false and that Cambridge should have known was false and which was relied upon by the unsophisticated Plaintiff to his detriment when he was unable to obtain tenants to provide income in that amount.

Moreover, because Cambridge was neither licensed in Hawaii nor registered to do business in Hawaii, the transaction was void under § 458-8 and void as to holders in due course.

Plaintiff alleges that he was injured by the fraud by damage to his previously excellent credit rating and the difference

between the loan he thought he was going to get and the "interest-only" loan.

19. UNFAIR OR DECEPTIVE TRADE PRACTICES ("UDAP")

Plaintiff alleges that it is a consumer within the meaning of HRS § 480-12 and that he was engaging in "conduct of trade or commerce" protected by HRS § 480.

And, further, that the acts set forth in paragraph 8 above offend established public policy and are deceptive.

And, further, that the contract is void as set forth in paragraph 8(a) above and void pursuant to HRS § 480-12 and void as to subsequent assignees.

Plaintiff was damaged and seeks recission.

20. VIOLATION OF HRS § 454-3

Plaintiff alleges that Cambridge Home Loans, Inc. is unlicensed and unregistered to do business in Hawaii as required by HRS § 453 and, as a result, the contract in question is void pursuant to HRS § 454-8 as to subsequent assignees and subsequent assignees should be left to establish what value, if any, they are entitled to receive.

Plaintiff has been damaged in his credit reputation as well as loss of the benefit of the bargain that he had reasonably expected to receive prior to the act of Cambridge of slipping in the "interest-only" rider.

### d. Prayer for Relief

NOW comes Plaintiff and prays for relief as follows:

1. That the contract be declared void as to Cambridge and all subsequent assignees and rescinded.

2. That Plaintiff be entitled to recover all amounts by which parties and their agents were unjustly enriched in an amount to be proven at time of trial.

3. That Plaintive be awarded punitive damages.

4. That Plaintiff be awarded treble damages where appropriate.

5. That Plaintiff be awarded all other damages deemed appropriate in the circumstances.

DATED: Honolulu, Hawaii, April 19, 2012.

                                              _____
                                              TERRY G. OPPERMANN
                                              Attorney for Plaintiff
                                              WILLIAM E. NEWCOMB